O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD VON REED,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON RACKLEY,<br><br>　　　　　Respondent. | Case No. LA CV 15-3574 AG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY AND EVIDENTIARY HEARING** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation[1], and the remaining record, and has made a *de novo* determination.

　　　　In his Objections, Petitioner raises one issue that warrants brief discussion here.

　　　　Namely, Petitioner contends that he suffered from psychosis during his AEDPA limitation period (January 23, 2013 – January 22, 2014) and thus is entitled to equitable tolling.  In support, Petitioner cites several "progress notes" authored by

---

[1] Petitioner's submission is titled "Opposition to Respondent's Motion to Dismiss." [*See* Dkt. No. 10 at 1.] However, no such motion has been filed in this action.  Accordingly, in the interests of justice, the Court construes Petitioner's filing as Objections to the Magistrate Judge's Report and Recommendation.

prison mental health professionals that describe hallucinations and unusual beliefs reported by Petitioner. [Dkt. No. 10 at 3.] Petitioner also claims to have been on psychotropic medications during the limitation period. [*Id.* at 7.]

Generally, to evaluate whether a petitioner is entitled to equitable tolling due to a mental impairment, a district court must: "(1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." *Bills v. Clark*, 628 F.3d 1092, 1100-01 (9th Cir. 2010).

For the reasons discussed below, the Court finds that Petitioner has failed to make the threshold "non-frivolous showing" that he suffered from a "severe mental impairment" during the limitation period. *See id.*

First, the probative value of Petitioner's purported hallucinations, which are documented in a prison psychiatrist's progress notes, is negated by the psychiatrist's accompanying note that Petitioner experienced hallucinations only while using PCP. [Dkt. No. 10 at 5.] That is, Petitioner's hallucinations were not a symptom of mental illness, but a fleeting impairment caused by illicit drug use.

Second, Petitioner's progress notes consistently portray Petitioner as functioning well and responding well to treatment for depression and anxiety. A progress note dated March 29, 2013, states that Petitioner "reported functioning well," was "cooperative, friendly, [and] attentive," showed "no obsessions [or] delusions," and was "[c]apable of prolonged attention without distraction." [*Id.* at 9.] Subsequent notes describe Petitioner as demonstrating a "linear [thought process]" and concentration and attention within normal limits. [*Id.* at 6, 13, 14.] Although Petitioner maintained "odd beliefs regarding aliens," he was aware that such beliefs

were "unusual," and, in any event, these beliefs did "not [affect] his functioning." [*Id.* at 6, 14.] In sum, nothing in Petitioner's progress notes supports his claim that he suffered from psychosis, or any other "severe mental impairment," during his limitation period. *See Bills*, 628 F.3d at 1100.

Third, Petitioner fails to explain how his "prescribed medication" rendered him "unable to comply with the requirements of AEDPA." [Dkt. No. 10 at 3.] As of April 9, 2013, Petitioner took a single medication, Remeron, which is used to treat depression.[2] [*Id.* at 5]; *see* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a697009.html. In subsequent progress notes, prison psychiatrists consistently describe Petitioner as "[d]oing well on Remeron." [Dkt. No. 10 at 6, 12, 14.] In short, the Court does not see – and Petitioner fails to explain – how his beneficial use of Remeron evidences a "severe mental impairment." *See Bills*, 628 F.3d at 1100.

Thus, the Court finds that Petitioner has failed to make a "non-frivolous showing" that he suffered from a "severe mental impairment" during his limitation period. *See id.*

As such, Petitioner is not entitled to equitable tolling. *See id.*

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment is entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling."

---

[2] Petitioner misidentifies Remeron as an antipsychotic. [*See* Dkt. No. 10 at 10.]

*See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

      Finally, because Petitioner has failed to make a "non-frivolous showing" that he suffered from a "severe mental impairment" during his limitation period, the Court declines Petitioner's request for an evidentiary hearing. *Cf. Bills*, 628 F.3d at 1100.

DATED: July 31, 2015

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

4